IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA SMITH | * | |
|     Plaintiff | * | |
| | * | |
| V. | * | |
| | * | |
| PULASKI COUNTY SPECIAL | * | NO: 4:16CV00574 SWW |
| SCHOOL DISTRICT | * | |
| | * | |
|     Defendant | * | |
| | * | |

**OPINION and ORDER**

Plaintiff Patricia Smith ("Smith") brings this employment discrimination action against her current employer, the Pulaski County Special School District ("PCSSD" or the "District"), claiming that the PCSSD failed to grant her request for a transfer because of her race and age. Before the Court is the PCSSD's motion for summary judgment [ECF Nos. 13,14,15], Smith's response in opposition [ECF Nos. 20, 21], and PCSSD's reply [ECF No. 22]. After careful consideration, and for reasons that follow, the motion is granted.

**I.**

Summary judgment is proper if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 371, 322 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 at 322-23. A factual dispute is genuine if the evidence could cause a reasonable jury to enter a verdict for either party. *Miner v.*

*Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Celotex*, 477 U.S. at 331.

## II.

The following facts are undisputed. Smith has worked as a teacher for twenty-one years, and she has worked for the PCSSD for fourteen years. On April 22, 2015, Smith completed a transfer request form, seeking an intradistrict transfer from her teaching job at Maumelle Middle School to a teaching position at Mills High School. Smith submitted the multiple-copy form to her principal, and her principal signed it and returned the yellow copy to Smith. Smith did not receive the transfer she had requested. Instead, PCSSD hired a white female, who was younger than Smith, to fill the position at Mills High School.

Smith filed a discrimination charge with the Equal Employment Opportunity Commission and received a notice of suit rights, dated May 13, 2016. On August 9, 2016, Smith commenced this action, claiming that PCSSD discriminated against her on the basis of race and age when it failed to grant her transfer request.

## III.

Smith alleges no facts indicating direct evidence of discrimination based on race or age; thus her claims are properly evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under that framework, to create a presumption of race or age discrimination based on failure to hire or failure to transfer, Smith must show that (1) she belongs to a protected class; (2) she was qualified for and applied to an available position; (3) she was rejected, which amounted to an adverse employment action; and

(4) similarly situated employees who were not members of her protected class were hired instead. *Higgins v. Gonzales*, 481 F.3d 578, 584 (8th Cir. 2007)(quoting *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005)). If Smith establishes a *prima facie* case, the burden shifts to PCSSD to provide a legitimate, non-discriminatory reason for its action. *Id*. If PCSSD meets that burden, then the burden shifts back to Smith to establish that the reasons proffered by PCSSD are pretext for discrimination. *Id.*

In support of its motion for summary judgment, PCSSD first argues that Smith is unable to show that she applied for a transfer to Mills High School. In the typical failure-to-hire case, the plaintiff must show that she applied for an available position, but the application requirement will be excused if the employer was aware of the plaintiff's interest in a job notwithstanding her failure to make a formal application. *See Gentry v. Georgia-Pacific Corp.*, 250 F.3d 646, 652 (8th Cir. 2001). PCSSD presents evidence that teacher transfer request forms are processed through the District's human resource division ("HRD"). PCSSD's written procedure states in part as follows:

> A formal request for transfer must be processed through the Human Resources Division and be on file with the principal of the requested school. The principal will acknowledge receipt by sending a signed copy of the transfer to the teacher.[1]

According to the District's HRD director, HRD never received and therefore never processed Smith's transfer request.[2] However, it is undisputed that Smith submitted her request form to her principal, as she had done in the past, and PCSSD presents no evidence that Smith was required to ensure that her principal submitted the form to HRD. Questions remain about

---

[1] ECF No. 13-1, Ex. A.

[2] ECF No. 13-1 (Burgess Aff.).

whether Smith followed the District's formal procedure for requesting a transfer. And even if Smith did not follow the procedure to the letter, it is undisputed that her principal was aware that she was interested in transferring to an open position at Mills High School.

Second, PCSSD argues that Smith cannot show that she suffered adverse employment action sufficient to sustain a discrimination claim. To establish a *prima facie* case of discrimination based on race or age, Smith must show that she suffered an adverse employment action that affected the terms or conditions of her employment. *See Gibson v. Am. Greetings Corp.,* 670 F.3d 844, 856 (8th Cir. 2012)*; Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). The Eighth Circuit has explained:

> An adverse employment action is a tangible change in working conditions that produces material employment disadvantage. Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not.

*Spears v. Missouri Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir.2000) (internal citations omitted). A purely lateral transfer, one that involves only minor changes in working conditions and no reduction in pay or benefits, does not amount to a demotion and cannot qualify as materially adverse employment action. *See Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir.1997). Similarly, the failure to grant a request for a purely lateral transfer does not amount to a failure to promote and cannot constitute adverse employment action. *See Pulley v. United Health Grp.* Inc., 945 F. Supp. 2d 1019, 1028 (E.D. Ark.), *aff'd sub nom., Pulley v. UnitedHealth Grp. Inc*., 549 F. App'x 591 (8th Cir. 2013). It is undisputed that Smith sought a lateral transfer. If Smith's request had been granted, she would have continued to work as a teacher for the same

pay, but she would have performed her duties at a different campus.

Smith contends that the failure to grant her transfer request was materially adverse to her because she cares for her granddaughter and the commute to Maumelle had become very difficult for her. However, "a transfer involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action, otherwise every trivial personnel action that an . . . employee did not like would form the basis of a discrimination suit." *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir.1997) (internal citation and quotations omitted); *see also Fallon v. Meissner*, 66 Fed. Appx. 348, 352, No. 02-1823, 2003 WL 1984696 (3rd Cir. Apr. 30, 2003)(holding that a transfer that increased commute time did not amount to materially adverse action because it arose from the employee's individual preferences was not job-related in the appropriate sense); *Grube v. Lau Indus. Inc.*, 257 F.3d 723, 728 (7th Cir.2001)(altered work hours not adverse employment action where employer denied a request to change shifts because family circumstances). The extent of Smith's commute to work is affected by the location of her home, which is unique to her and not a term or condition of her employment, and Smith's personal preference for a shorter commute is not a proper basis for finding that she suffered an adverse employment action. The Court finds no issues for trial as to whether Smith suffered actionable adverse employment action. Accordingly, PCSSD is entitled to summary judgment in its favor.

## IV.

For the reasons stated, Defendant's motion for summary judgment [ECF No. 13] is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 28TH  DAY OF FEBRUARY, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
